IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD JACKSON,<br><br>Defendant. | 8:19-CR-348<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of Defendant's, Bernard Jackson's, Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Filing 93); Motion to Set Briefing Schedule, (Filing 96); and Motion for Leave to File First Amended § 2255 Motion (Filing 98). The Court denies Defendant's motions.

## I. BACKGROUND

The Indictment charged Defendant with one count of strangulation in violation of 18 U.S.C. §§ 113(a)(8) and 1153 and one count of domestic assault by a habitual offender in violation of 18 U.S.C. § 117(a). Filing 18. At trial, Defendant stipulated that he "had a final conviction on at least two separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner." Filing 46 at 12 (the "Stipulation"). The language of the Stipulation tracks one of the elements of § 117(a) as charged in Count II. The jury convicted Defendant on both counts. Filing 53.

The Revised Presentence Investigation Report (PSR) (Filing 61) recommended that Counts I and II be grouped according to U.S.S.G. § 3D1.2(a) and that a single offense level be determined for both counts. Neither party objected to grouping Counts I and II. Based on the

1

grouped offense level, the Court sentenced Defendant to a term of ninety-six months' imprisonment on Counts I and II, to be served concurrently, with three years of supervised release. Filing 66. [1]

On direct appeal, Defendant asserted that (1) there was insufficient evidence to sustain his conviction and (2) his ninety-six-month sentence was substantively unreasonable. *See* Filing 89. The Eighth Circuit Court of Appeals affirmed the Court's rulings, reasoning that sufficient evidence supported the conviction and Defendant's lengthy criminal history justified the Court's within-guidelines sentence. Filing 89 at 3, 4.

Defendant, through counsel, submitted the § 2255 Motion asserting four grounds for relief. Filing 93. Defendant then moved to amend the § 2255 Motion, Filing 98, and proposed an Amended § 2255 Motion that included additional grounds for relief, Filing 98-1.[2] Defendant asserts his conviction on Count II must be vacated because the Stipulation was improper (Ground One); that he was sentenced above the statutory maximum on Count II (Ground Two); that the Stipulation was inadmissible for purposes of Count I (Ground Three); and that he was impermissibly sentenced solely on his status as a Native American (Ground Four). In Grounds Five and Six, Defendant asserts that his trial and appellate counsel were ineffective for failing to assert any of the arguments in Grounds One through Four.

## II. ANALYSIS

### A. Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. If it plainly appears from the motion,

---

[1] The trial and sentencing in this matter were handled by the late Judge Laurie Smith Camp. This matter was transferred to the undersigned judge on August 30, 2021.
[2] For sake of simplicity, the Court will reference only the Amended § 2255 in its analysis.

attached exhibits, and the record of prior proceedings "that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id*. If the Court does not dismiss the motion, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

### B. Timeliness

At the outset, the Court notes that Defendant's § 2255 Motion is timely. Section 2255(f)(1) provides that a motion under that Section may be filed within one year from "the date on which the judgment of conviction becomes final." "Finality attaches when [the United States Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, (2003). The Eighth Circuit Court of Appeals denied Defendant's direct appeal on June 25, 2021, and his § 2255 Motion was filed within a year of that time. His motion is timely under 28 U.S.C. § 2255(f)(1).

### C. Grounds One, Two, and Three—Not Cognizable Under § 2255

Defendant's first three grounds are inappropriate for consideration under § 2255. Although the wording of § 2255 may appear comprehensive and broad, the Supreme Court has specifically instructed that § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, the "permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). Section 2255 is reserved for (1) remedying constitutional or jurisdictional errors, or (2) correcting errors of law only when the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting

3

*Hill v. United States*, 368 U.S. 424, 428 (1962)). Grounds One, Two, and Three of the Amended § 2255 Motion all fall outside the scope of § 2255 because they are not constitutional, not jurisdictional, and could have been raised at trial or on direct appeal.

*1. Ground One*

Ground One does not allege a constitutional or jurisdictional violation. One of the elements of 18 U.S.C. § 117(a), as charged in Count II, requires that the government prove that Defendant had "a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction" an assault against a spouse or intimate partner. Ground One alleges that the Stipulation was invalid because the four offenses listed for Count II in the Indictment did not qualify as predicate offenses. Defendant argues that because the offenses stipulated to were not valid predicate offenses, one of the elements of § 117 was not proven. *See* Filing 98-1 at 17. This argument does not raise a constitutional issue because "[a] claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of collateral attack." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Nor does Defendant raise any jurisdictional issue under Ground One.

Because Defendant's arguments in Ground One are neither constitutional nor jurisdictional, they must have been raised at trial or direct appeal. "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Courts "consider a claimed error that could have been raised at trial or on direct appeal if the alleged error was a fundamental miscarriage of justice." *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)). The "miscarriage of justice" exception only applies to claims of factual innocence as opposed to legal innocence. *Id.* To prove the miscarriage of justice exception

applies, Defendant must show "by clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty." *Id.* at 706-07 (citing *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994)).

Ground One does not raise a fundamental miscarriage of justice. As best the Court can discern, Defendant's threadbare argument asserts that the Court should have rejected the Stipulation. However, Defendant did not raise this issue at trial and a district court abuses its discretion if it rejects a defendant's offer to stipulate to the prior conviction element of a crime. *See Old Chief v. United States*, 519 U.S. 172, 178 (1997). Moreover, Defendant does not claim factual innocence, let alone present any clear and convincing evidence that no reasonable juror could have found him guilty. He only argues that the prior convictions were legally deficient to satisfy the prior-convictions element. This is a claim of legal innocence and not factual innocence. *See Anderson*, 25 F.3d at 707 (no miscarriage of justice because § 2255 petitioner's claim that he had no prior felonies within meaning of 18 U.S.C. § 922(g)(1) was a claim of legal and not factual innocence). Accordingly, Ground One does not raise constitutional or jurisdictional issues, nor does it present a fundamental miscarriage of justice.

2. Ground Two

Ground Two likewise fails to allege a constitutional defect, jurisdictional defect, or fundamental miscarriage of justice. As best the Court can discern, Defendant asserts that he must be resentenced on Count II because his sentence of eight years on Counts I and II exceeds the statutory maximum on the offense charged in Count II. The statutory maximum under § 117 is five years unless the government proves that Defendant's victim suffered "substantial bodily injury." Defendant alleges that because there was no allegation or jury finding that Defendant's victim suffered serious bodily injury, he must be retried or resentenced on Count II.

Defendant apparently misses or ignores that Counts I and II were grouped under the Sentencing Guidelines. The United States Sentencing Guidelines (U.S.S.G.) instruct that the sentencing court should determine a single offense level for multiple counts of offenses involving similar harm. *See United States v. Lewis*, 200 F.3d 1177, 1178 (8th Cir. 2000). Under Sentencing Guideline § 3D1.2, "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." *Id.*; *see also United States v. Espinosa*, 539 F.3d 926, 929 (8th Cir. 2008). Following the recommendation of the PSR, Counts I and II were grouped according to U.S.S.G. § 3D1.2(a). Neither party objected to grouping Counts I and II, and the Guidelines expressly required that the offenses charged in Counts I and II be grouped together for sentencing purposes. *See* U.S.S.G. §§ 3D1.2, 2A2.2, 2A6.2. When grouping offenses, the Court determines the total offense level and a "total punishment" for the group. *United States v. Rogers*, 423 F.3d 823, 828 (8th Cir. 2005); *see also* U.S.S.G. § 3D1.3(a). The Court then imposes individual sentences for each count in a group under Sentencing Guideline § 5G1.2 to add up to the total punishment. Sentences on the total punishment run concurrently "unless the count carrying the highest statutory maximum is less than the total punishment, in which case consecutive sentencing is employed to produce a combined sentence equal to the total punishment." *Rogers*, 423 F.3d at 828.

In this case, the Court determined that the total punishment for Counts I and II was ninety-six months or eight years. Filing 66 at 2. For this group, Count II carried a statutory maximum of five years, while Count I carried a statutory maximum of ten years. *See* 18 U.S.C. §§ 113(a)(8), 117(a). The Court's total punishment of eight years fell below the statutory maximum for the highest count in the group so, consistent with the Sentencing Guidelines, the Court imposed a concurrent sentence for the group. Thus, the fact that Defendant was not sentenced separately and specifically on Count II did not create a constitutional issue. Moreover, "ordinary questions of

guideline interpretation fall[] short of the miscarriage of justice standard" and "such questions may not be re-litigated under § 2255." *Sun Bear*, 644 F.3d at 704 (internal quotations and citations omitted). Ground Two asserts no legally valid claim and does not present an issue appropriate for relief under § 2255.

   *3. Ground Three*

Ground Three asserts that "[t]he stipulation regarding four prior convictions made by the AUSA and Petitioner/Defendant's counsel and the instruction given by the court as to the jury's use of the stipulation was inadmissible evidence in support of COUNT I." Filing 98-1 at 15. As best the Court can discern from this statement, Defendant argues the Stipulation on Defendant's prior convictions was inadmissible evidence of prior criminal behavior for purposes of Count I, under Federal Rule of Evidence 404. Defendant asserts that evidence of prior assaults was irrelevant for purposes of Count I and, if evidence of prior assaults exists, it should be subject to cross examination by Defendant's current counsel. Defendant concludes that his conviction must be overturned and he must receive a new trial.

   Defendant apparently asserts the Court erred in admitting the Stipulation as evidence at trial. However, § 2255 "is not the proper way to complain about simple trial errors." *Anderson*, 25 F.3d at 706; *see also Glouser v. United States*, 296 F.2d 853, 856 (8th Cir. 1961) (holding that alleged errors relating to admissibility of evidence are reviewable only on direct appeal, and are not cognizable on motions to vacate sentence under § 2255); *Blair v. United States*, No. 10-CR-93, 2015 WL 13844599, at *2 (W.D. Mo. Jan. 9, 2015) ("Claims not cognizable under § 2255 include the refusal to subpoena witnesses, errors in evidentiary rulings, errors in instructions to the jury, alleged prejudicial statements by the trial judge or prosecutor, the sufficiency of the evidence,

7

and errors either of law or of fact." (citing *Glouser*, 296 F.2d at 856)). To the extent Defendant's allegations in Ground Three concern trial errors, they are not appropriate for relief under § 2255.

### D. Ground Four—Length of Sentence Based on Status as a Native American

Under Ground Four, Defendant asserts[3] that his sentence of ninety-six months on Counts I and II "was based SOLELY on his status as an 'Indian.'" Filing 98-1 at 16. He explains that under Nebraska law or Omaha Tribal law, the maximum sentence for strangulation would be thirty-six months. According to Defendant, the difference in maximum sentences between Nebraska law/Omaha Tribal law and the federal strangulation statute violate due process and equal protection under the Fifth Amendment.

Though Defendant is not entitled to a liberal pleading standard because he is represented by counsel, any possible interpretation of his argument under Ground Four fails as a matter of law. To the extent Defendant argues federal statutes applying to criminal behavior in "Indian country" are unconstitutional, the Supreme Court rejected this argument in *United States v. Antelope*, 430 U.S. 641 (1977). The Court reasoned that "federal regulation of Indian affairs is not based upon impermissible classifications. Rather, such regulation is rooted in the unique status of Indians as 'a separate people' with their own political institutions." *Id.* at 646. Accordingly, federal criminal statutes such as the Major Crimes Act, 18 U.S.C. § 1153, "are based neither in whole nor in part upon impermissible racial classifications." *Id.* at 647.

The Supreme Court in *Antelope* also rejected Defendant's apparent equal-protection argument. The court in *Antelope* specifically held that a disparity between state law and federal law "does not violate equal protection when [the federal government's] own body of law is evenhanded, regardless of the laws of States with respect to the same subject matter." *Id.* The Court

---

[3] Defendant clarified in his Amended § 2255 Motion that he does not challenge the Court's jurisdiction over certain federal offenses committed in "Indian country." Filing 98-1 at 15-16.

8

explained that Indigenous persons indicted under § 1153 were subject to the "same procedural benefits and privileges as all other persons within federal jurisdiction." *Antelope*, 430 U.S. at 648 (citing *Keeble v. United States*, 412 U.S. 205, 212 (1973)). Under the express language of § 1153, Defendant was "subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

Defendant seems to argue that were he not a Native American, he could not have been convicted and sentenced under federal law. Such an argument is legally incorrect and has been rejected by the Supreme Court. The penalties under § 113(a) or § 117 applied to Defendant regardless of whether he was found to be an "Indian." Further, nothing in the record suggests that Defendant received a harsher sentence because he is Native American; rather, he was convicted under federal law because his crimes took place "within the territorial jurisdiction of the United States." *See* 18 U.S.C. §§ 113(a), 117(a). If the Court accepted Defendant's argument, "persons charged with crimes on federal military bases or other federal enclaves could demand that their federal prosecutions be governed by state law to the extent that state law was more 'lenient' than federal law." *Antelope*, 430 U.S. at 670 n.13. The Supreme Court specifically rejected this approach, reasoning "[t]he Constitution does not authorize this kind of gamesmanship. Indeed, any such rule, even assuming its workability, is flatly inconsistent with the Supremacy Clause of the Constitution." *Id.* Because Defendant's offenses took place within the territorial jurisdiction of the United States, he was properly sentenced under federal law.

### D. Grounds Five and Six—Ineffective Assistance of Counsel

Grounds Five and Six assert claims for ineffective assistance of counsel. Defendant essentially argues his trial and appellate counsel were ineffective for failing to raise the issues asserted in Grounds One through Four. To establish ineffective assistance of counsel under § 2255,

a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. Defendant has not met this burden for any of his asserted grounds for relief.

   *1. Ground One—Stipulation to Prior Convictions*

Count II charged Defendant with domestic assault by a habitual offender under 18 U.S.C. § 117(a), which required the government to prove that Defendant had "a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction" and assault against a spouse or intimate partner. The Indictment alleged four prior convictions to satisfy §117: two convictions of third-degree assault under Neb. Rev. Stat. § 28-310; one conviction of domestic assault under Omaha Tribal Code § 11-2-1(a); and one conviction of simple assault under Omaha Tribal Code § 5-4-4.

Defendant alleges that his trial and appellate counsel were ineffective by stipulating that Defendant "had a final conviction on at least two separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner." Filing 46 at 12. Defendant alleges that the statute and code provisions supporting his prior convictions contain elements that would not subject Defendant to federal assault of an intimate partner.

Defendant's argument fails for several reasons. As a threshold matter, the Court notes that to state a claim for ineffective assistance of counsel, Defendant must not only show his allegations are legally supported, but that his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In other words, to support his ineffective assistance claims, it is not sufficient merely to show that the statutes supporting his prior convictions would not have constituted assault of a domestic partner under federal law. Rather, Defendant must show that that his trial and appellate counsels' decision to stipulate to the prior convictions was so objectively unreasonable that but for his counsels' decision, he would not have been convicted on Count II.

Defendant fails to make this showing. Defendant asserts that to determine whether a prior conviction qualifies as a predicate offense under § 117(a), the Court must employ a "categorical approach." A categorical approach requires the Court to review the elements of the predicate offense rather than the underlying facts of Defendant's conduct. *See Taylor v. United States*, 495 U.S. 575, 601 (1990). Defendant urges the Court to follow the categorical approach for § 117(a) as described in *United States v. Casey*, No. 2:20-CR-0020, 2020 WL 1940446, at *3 (W.D. Wash. Apr. 22, 2020), *appeal dismissed,* No. 20-30106, 2020 WL 4792585 (9th Cir. June 24, 2020).[4] The court in *Casey* stated that "the burden of proving the predicate offense element under § 117(a) calls for a two-part inquiry." *Id.* at *3. First, the court applies a categorical approach to determine if a defendant's "two prior convictions are categorical matches to any assault, sexual abuse, or serious

---

[4] It is worth noting that the court's well-reasoned analysis in *Casey*, although helpful to this case, addressed a motion to dismiss a count brought under § 117(a). The question before the Court on this § 2255 Motion is not whether Count II should have been dismissed; rather, the question is whether trial and appellate counsel's decision to stipulate to Defendant's predicate offenses was objectively unreasonable.

11

violent felony as defined by federal law." *Id.* (internal quotation marks omitted). Second, the government "must prove beyond a reasonable doubt that the victim of each predicate offense was 'a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault.'" *Id.* (citing § 117(a)(1)).

Even following this approach, Defendant has not shown that the Stipulation was objectively unreasonable. For example, Defendant alleges that his two convictions under Neb. Rev. Stat. § 28-310 fail the first part of the *Casey* inquiry because § 28-310 is broader than the federal definition of assault. A conviction under § 28-310 requires proof that the defendant knowingly causes bodily injury to another or "threatens another in a menacing manner." The federal definition of assault—as instructed to the jury and unchallenged by Defendant—states:

> "Assault" means any intentional and voluntary attempt or threat to injure another person, combined with the apparent present ability to do so, which is sufficient to put the other person in fear of immediate bodily harm or any intentional and voluntary harmful and offensive touching of another person without justification or excuse.

Filing 46 at 8; *see also* Model Crim. Jury Instr. 8th Cir. 3.09, 8.01, 6.18.113(8) (2017).

Defendant alleges that the elements of § 28-310 are broader than the generic definition of federal assault because the federal definition of assault "does not include 'threatens another in a menacing manner' as set forth as an alternative element in Neb. Rev. Stat. § 28-310." Filing 98-1 at 8. However, an objectively reasonable attorney could equate the phrases "threatens another in a menacing manner" with "attempt or threat to injury another, combined with the apparent present ability to do so." At the very least, an objectively reasonable attorney could balance potential interpretations of these phrases against the potential harm to the Defendant of failing to stipulate and conclude a stipulation would be more advantageous. *See United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) ("Put simply, there only needs to be 'a reasonable basis for [counsel's] strategic decision.'").

12

This reasonableness of the Stipulation is particularly apparent when considering the second *Casey* inquiry under Defendant's proposed categorical approach. If Defendant did not stipulate to the prior convictions, including those under § 28-310, the government would have been forced to prove beyond a reasonable doubt that the victim of each predicate offense was a spouse or intimate partner. Thus, the government would have—as part of its case in chief—been required to disclose at least some details about the nature of the underlying offenses. Such proof could have greatly increased the risk of Defendant's conviction. As noted above, courts must accept stipulations of prior convictions because "evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations." *Redding v. United States*, 105 F.3d 1254, 1255 (8th Cir. 1997). Defendant's counsels may have reasonably been motivated by similar considerations. Thus, the Court cannot conclude that the stipulation was objectively unreasonable or that it unduly prejudiced Defendant.

  *2. Ground Three—Admissibility of the Stipulation*

Defendant argues that his trial counsel[5] was ineffective because the Stipulation "prejudicially reduced the government's burden under FRE 404 to prove the admissibility of any 'other act' evidence." Filing 98-1 at 17. Without any reference to evidence, Defendant asserts that the government could have used the Stipulation to Defendant's prior convictions for Count II as prior bad acts evidence to support a conviction on Count I. Defendant goes so far as to allege, without any basis, that the prior convictions "could then be used and were used by the government as evidence to convict under Count I." Filing 98-1 at 17.

Defendant's unsupported allegation fails to meet his burden under the *Strickland* test. To show prejudice, Defendant must show that had his trial counsel refused to enter into the

---

[5] Defendant does not allege that appellate counsel was ineffective for failing to raise this issue on direct appeal.

13

Stipulation, "the outcome of his trial would have been different." *See United States v. Davis*, 406 F.3d 505, 510 (8th Cir. 2005); *see also Payne v. United States*, 78 F.3d 343, 348 (8th Cir. 1996). Defendant has not argued, much less presented any evidence to support, that he would have been acquitted on Count I had his trial counsel not stipulated to his prior convictions. As stated above, there were several objectively reasonable justifications for stipulating to Defendant's prior convictions. Had trial counsel not entered into the Stipulation, the government would have had to present evidence to prove Defendant's prior convictions which would include details of the nature of those offenses. Such evidence would likely have had a far greater prejudicial effect on Count I than the Stipulation which merely tracked the statutory language.[6] The Court cannot conclude that the Stipulation was objectively unreasonable or that Defendant would not have been convicted on Count I if the Stipulation had not been given.

    *3. Ineffective Assistance Related to Grounds Two and Four*

Defendant's ineffective assistance claims related to Grounds Two and Four all fall short of the high burden under *Strickland*. Defendant's counsel was not ineffective for failing to raise frivolous arguments or arguments that had no legal viability. *See Strickland,* 466 U.S. at 689 (counsel does not render ineffective assistance by failing to make frivolous arguments); *see also Davis*, 406 F.3d at 510 (counsel did not provide ineffective assistance where no viable appellate claim existed). For the reasons stated above, Defendant's arguments on Grounds Two and Four have no legal basis. In sum, Defendant's sentence on Count II did not exceed the statutory maximum because it was grouped with his sentence on Count I, nor was Defendant's sentence

---

[6] Defendant's current counsel does not argue that trial counsel was ineffective for failing to move to sever Count I from Count II. The Court will not imply such an argument because Defendant is represented by counsel and is not entitled to a liberal pleading standard.

14

based solely on his status as a Native American. Grounds Two and Four have no legal basis and counsel was not ineffective for failing to raise these grounds at sentencing or on direct appeal.

### E. Certificate of Appealability

Before Defendant can appeal the denial of his motion, he must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Defendant has not shown that the outcome of his § 2255 Motion is reasonably debatable, is susceptible to a different conclusion, or deserves further review. Accordingly, the Court will not issue a certificate of appealability.

### III. CONCLUSION

Based on the Court's review of the entire record and Defendant's § 2255 Motion, Defendant is not entitled to post-conviction relief under 28 U.S.C. § 2255.

IT IS ORDERED:

1. Defendant Bernard Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), Filing 93; Motion to Set Briefing Schedule, (Filing 96); and Motion for Leave to File First Amended § 2255 Motion (Filing 98); are each denied.

2. No certificate of appealability will issue;

3. A separate Judgment will be entered, denying the § 2255 Motion; and

4. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 10th day of December, 2021.

                                              BY THE COURT:

                                              _____

                                              Brian C. Buescher
                                              United States District Judge