IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BERNARD JACKSON,<br><br>　　　　　　　　Defendant. | 8:19-CR-348<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on defendant Bernard Jackson's Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e). Filing 101. Defendant previously filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Filing 93); a Motion to Set Briefing Schedule, (Filing 96); and a Motion for Leave to File First Amended § 2255 Motion (Filing 98). The Court denied each of Defendant's motions (the "§ 2255 Order") (Filing 99; Filing 100). Defendant's present motion essentially asks the Court to reconsider its § 2255 Order. The Court denies the motion for the reasons set forth herein.

　　　　The § 2255 Order contains Defendant's background and this case's procedural history which the Court incorporates and will not repeat here. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of fact or law or to offer newly discovered evidence.'" *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Defendant's motion does not allege any errors of fact or present newly discovered evidence. Instead, Defendant argues that the § 2255 Order contains manifest errors of law. The Court cannot address each of Defendant's potential arguments because they are threadbare, conclusory, or

difficult to discern. Nevertheless, for the reasons stated, Defendant presents no basis to alter or amend the § 2255 Order.

Defendant first argues that the Court erred in its rejection of Grounds One[1] and Two[2] of the § 2255 Motion because the Court missed "obvious and undisputed sentencing errors." Filing 101 at 6. However, Defendant does not directly identify any sentencing errors or alleged errors in the § 2255 Order. His principal argument seems to be that his base offense level was miscalculated and the probation office, prosecutor, trial counsel, and the Court failed to catch it. Defendant apparently argues that the Court should have calculated his based offense level for Count I at 14, using U.S.S.G. § 2A2.2. However, as stated in the § 2255 Order, Counts I and II were grouped according to U.S.S.G. § 3D1.2(a) for sentencing purposes. The Sentencing Guidelines state that for counts grouped together pursuant to § 3D1.2(a), the offense level applicable to a group is "the highest offense level of the counts in the Group." § 3D1.3(a). The Revised Presentence Investigation Report (PSR) (Filing 61) complied with § 3D1.3(a) and used the base offense level for Count II because it was the higher of the offense levels in the group. Thus, Defendant's base offense level was not erroneous or illegal. Defendant identifies no other "manifest error" and all his other arguments for Grounds One and Two were addressed in the § 2255 Order.

---

[1] One of the elements of 18 U.S.C. § 117(a), as charged in Count II of the Indictment, required that the government prove Defendant had "a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction" an assault against a spouse or intimate partner. Ground One alleged that offenses listed for Count II in the Indictment did not qualify as predicate offenses so one of the elements of § 117 was not proven. *See* Filing 98-1 at 17.

[2] As best the Court could discern, Ground Two asserted that Defendant must be resentenced on Count II because his sentence of eight years on Counts I and II exceeded the statutory maximum on the offense charged in Count II. The statutory maximum under § 117 is five years unless the government proved that Defendant's victim suffered "substantial bodily injury." Defendant alleged that because there was no allegation or jury finding that Defendant's victim suffered serious bodily injury, he had to be retried or resentenced on Count II. The Court rejected Ground Two because Counts I and II were grouped and the total sentence of eight years fell below the statutory maximum for the highest count in the group. *See* Filing 99 at 6.

Defendant next implies that the Court erred in denying his § 2255 Motion on Ground Three.³ Defendant summarily states "[t]here was simply no good reason to stipulate to evidence by way of convictions and not testimony." Filing 101 at 7. Defendant again appears to argue that Defendant's trial counsel erred by entering into the Stipulation and that the Court somehow erred in accepting the Stipulation and should have forced the Government to present evidence of the nature of Defendant's prior convictions. Defendant offers no authority to support this position and ignores that such evidence could have been highly prejudicial to his own defense. The Court has fully addressed this argument in the § 2255 Order, and Defendant presents no reason to alter or amend its prior decision.

On Ground Four,⁴ Defendant asserts "[t]his court's statement is incorrect that: The penalties under § 113(a) or § 117 applied to Defendant regardless of whether he was found to be an 'Indian.'" Defendant cites several cases and statutes, but none provide the slightest hint of support for this assertion. Defendant's authority primarily relates to criminal defendants' rights before tribal courts and Defendant offers no explanation for how this authority would impact his sentence in this case supposed based solely on his status as an "Indian." Defendant fails to show that the Court's conclusion on Ground Four was manifestly erroneous.

---

³ At trial, Defendant stipulated that he "had a final conviction on at least two separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner." Filing 46 at 12 (the "Stipulation"). Defendant vaguely asserted that evidence of prior assaults was irrelevant for purposes of Count I and, if evidence of prior assaults exists, it should be subject to cross examination by Defendant's current counsel, thus it was error to admit the Stipulation. The Court concluded that to the extent Defendant's allegations in Ground Three concerned trial errors, they were not appropriate for relief under § 2255. The Court also concluded Defendant's trial and appellate counsel were not unreasonable in entering into the Stipulation because evidence of the nature or even name of a "prior conviction increases the risk of a verdict tainted by improper considerations." Filing 99 at 13 (quoting *Redding v. United States*, 105 F.3d 1254, 1255 (8th Cir. 1997)).
⁴ Under Ground Four, Defendant seemed to argue that were he not a Native American, he could not have been convicted and sentenced under federal law. The Court concluded there was no evidence that his sentence was based solely on his status as a Native American. Because Defendant's offenses took place within the territorial jurisdiction of the United States, the Court concluded he was properly sentenced under federal law. Filing 99 at 9.

On Grounds Five and Six, Defendant argued in his original § 2255 Motion and in this Motion that his trial and appellate counsel were ineffective for failing to raise the other Grounds Defendant asserted. Defendant uses this motion to reassert the arguments made in his original motion. Defendant's arguments have been fully addressed in the Court's § 255 Order, and the Court need not address them again here. Defendant's grounds for relief under § 2255 have no merit and his counsel were not ineffective for failing to raise them.

Accordingly, for the reasons stated in the § 2255 Order and in this Memorandum and Order:

IT IS ORDERED: Defendant Bernard Jackson's Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e), Filing 101, is denied.

Dated this 17th day of February, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge

4